UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EMPIRE COMMUNITY
DEVELOPMENT, LLC,

                        Plaintiff,

       -against-                                  **REPORT AND RECOMMENDATION**
                                                       22 CV 4259 (RPK) (CLP)

CATHERINE BUDDY, LISTRA HERRY,
JAMES HERRY, NEW YORK CITY
PARKING VIOLATIONS BUREAU,

                        Defendants.
-----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

On July 20, 2022, plaintiff Empire Community Development, LLC ("plaintiff") commenced this action against defendants Catherine Buddy, Listra Herry, James Herry, and the New York City Parking Violations Bureau (collectively, "defendants"), to foreclose on a mortgage encumbering the property located at 1554 Brooklyn Avenue, Brooklyn, New York 11210. (See ECF No. 1).

Currently pending before the Court, on referral from the district court, are plaintiff's motion for default judgment, Listra Herry's and James Herry's (together, "the Herry defendants") motion to vacate the entry of default, and plaintiff's motion to strike the Herry defendants' Answer. For the reasons set forth below, the Court respectfully recommends that plaintiff's motion for default judgment be denied without prejudice at this time, and that the motion to strike the Herry defendants' Answer be denied at this time pending a decision on the Herry defendants' motion to vacate the default, which will be addressed after briefing.

PROCEDURAL BACKGROUND

When defendants failed to appear or otherwise defend the action, plaintiff requested

1

Certificates of Default be entered against all defendants (ECF No. 14), and on September 1, 2022, the Clerk of Court entered defaults as to all the defendants. (See ECF No. 15). On December 14, 2022, plaintiff moved for default judgment, which the district court then referred to the undersigned to issue a Report and Recommendation. (See ECF No. 17; Order, dated Dec. 15, 2022).

Subsequently, on March 6, 2023, counsel for defendants Listra Herry and James Herry appeared in the action.[1] (ECF No. 18). The Herry defendants then filed an Answer on May 12, 2023. (ECF No. 22). On the same day, plaintiff moved to strike the Herry defendants' Answer as untimely and procedurally improper, because defendants had not moved to vacate their default prior to filing the Answer nor had they sought leave to file a late Answer. (ECF No. 23).

Following a July 13, 2023 status conference before the undersigned, on July 28, 2023, the Herry defendants filed a motion to vacate[2] the defaults entered against them. (ECF No. 24). The parties are currently briefing the motion to vacate, and it will be fully briefed by August 31, 2023. (See Electronic Order, dated Aug. 4, 2023). The outcome of the motion to vacate bears on the motion to strike. Accordingly, the Court addresses only plaintiff's motion for default judgment at this time.

DISCUSSION

A. Standards For Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the

---

[1] Counsel erroneously filed her motion to appear pro hac vice as a "Notice of Appearance" on the docket.

[2] The district court has also referred the motion to vacate to the undersigned to issue a report and recommendation. (Order, dated Aug. 1, 2023).

Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id.; see also Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b).

The Second Circuit has warned that default judgment is an extreme remedy that should be used only when the need to move a case forward expeditiously trumps a party's right to be heard before a court of law. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96.

B. Plaintiff's Motion

In its motion for default judgment, plaintiff seeks judgment against all four of the named defendants, including the Herry defendants, who have now moved to vacate the default and defend in the action. If the Herry defendants' motion to vacate is granted, plaintiff would be left seeking default judgment against only two of the four defendants, Catherine Buddy and the New York City Parking Violations Bureau, with the Herry defendants continuing in the litigation. Under those circumstances, the Court must consider whether entering a default judgment against only some of the defendants would be premature. Bleecker v. Zetian Sys., Inc., No. 12 CV 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing Chloe v. Zarafshan, 06 CV 03140,

2009 WL 2956827, at *4 (S.D.N.Y. Sept. 15, 2009)).

Before entering a final judgment as to some of the parties in an action but not all, the Court must "expressly" determine that there is no reason to delay judgment against those parties. Fed. R. Civ. P. 54(b). There are no "fixed criteria" guiding the application of this rule. Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010) (citing Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980)). Rather, "[t]he decision of whether to enter a final judgment against some but fewer than all of the parties in an action is left to the sound discretion of the district court." Abbott Lab'ys v. Adelphia Supply USA, No. 15 CV 5826, 2020 WL 7643213, at *2 (E.D.N.Y. Dec. 23, 2020) (citing Bleecker v. Zetian Sys., Inc., 2013 WL 5951162, at *6).

Courts in this Circuit have "consistently delayed" rendering default judgments "even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations." Unitrans Colsol., Inc. v. Classic Closeouts, LLC, 09 CV 2098, 2010 WL 1265206, at *1 (E.D.N.Y. Mar. 31, 2010) (internal citations and quotations omitted); Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d at 119 (citing Frow v. De La Vega, 82 U.S. 552 (1872)); see also Lemache v. Tunnel Taxi Mgmt., LLC, 354 F. Supp. 3d 149, 152 (E.D.N.Y. 2019); Abbott Lab'ys v. Adelphia Supply USA, 2020 WL 7643213, at *3 (quoting Harvey v. Home Savers Consulting Corp., No. 07 CV 2645, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008)) (collecting cases); International Gemmological Inst., Inc. v. Rafaeil, No. 05 CV 2395, 2005 WL 3880222, at *2 (S.D.N.Y. Aug. 17, 2005), report and recommendation adopted, No. 05 CV 2395, 2006 WL 739822 (S.D.N.Y. Mar. 21, 2006) (collecting cases).

Here, plaintiff seeks a judgment of foreclosure, where the three individual defendants are all borrowers and mortgagers on the underlying mortgage. To foreclose on the mortgage, the

Court would have to determine that none of the borrowers and mortgagers had a viable defense to the foreclosure. Since the Herry defendants currently have a pending motion to vacate, plaintiff cannot proceed with a foreclosure until the rights of those defendants are first determined. If their motion to vacate is granted, that determination could only be made after discovery and further proceedings. Thus, seeking a default judgment for foreclosure against only defendants Catherine Buddy and the New York City Parking Violations Bureau would not advance the case.[3]

Moreover, plaintiff also seeks damages of $90,104.86 for the principal balance allegedly owed on the underlying loan and $60,549.12 in interest. (ECF No. 17-2). In plaintiff's filings, plaintiff has not made clear whether the requested judgment would vary between the defendants. Where, as here, "a unitary damages figure is sought against defaulting and [potentially] non-defaulting defendants alike, there is a risk that logically inconsistent awards [could] be entered." Abbott Lab'ys v. Adelphia Supply USA, 2020 WL 7643213, at *4; see also Harvey v. Home Savers Consulting Corp., 2008 WL 724152, at *1. Thus, given the nature of the relief sought, the Court finds that there is reason to delay resolution of the motion for default judgment, and so, in an exercise of discretion, the Court respectfully recommends that the motion for default judgment be denied at this time, without prejudice to renew after the Herry defendants' motion to vacate is decided.

## CONCLUSION

Considering the foregoing, the Court respectfully recommends that plaintiff's motion for default judgment be denied without prejudice and with leave to refile (1) if the Herry defendants'

---

[3] The City Parking Violations Bureau is named as a defendant in this action due to its position as a judgment creditor against the borrower and/or property, which plaintiff alleges is subordinate to its mortgage. (ECF No. 1 at 3).

5

motion to vacate is denied; or alternatively, (2) once the Herry defendants' rights are determined and the claims against the Herry defendants are resolved. This obviates the risk of inconsistent judgments.

Plaintiff is directed to serve a copy of this Report and Recommendation on defendants, and to file proof of service on the docket immediately.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: August 22, 2023
      Brooklyn, New York

                                  /s/ Cheryl L. Pollak
                                  Cheryl L. Pollak
                                  United States Magistrate Judge
                                  Eastern District of New York